**Janet DAW, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 05–72872.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Oct. 1, 2007.

R. Wayne McMillan, Esq., McMillan & Tkach, LLP, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Suzanne Morris, United

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

States Dept. of Justice, Antitrust Division, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Janet Daw, a native and citizen of Burma, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). As long as one of the IJ's adverse credibility findings is supported by substantial evidence and goes to the heart of Daw's claims, we will accept the IJ's finding. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). We deny the petition for review.

We need not reach the question of whether Daw's asylum application was timely filed because substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific and cogent reasons for his finding based on inconsistencies between Daw's testimony and her asylum application concerning the length of her father's detention and whether her mother and father were detained in 1982, which go to the heart of Daw's asylum claim. *See Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir.2003). Moreover, the IJ properly rejected Daw's explanation that

she was confused and could not remember. *See Li,* 378 F.3d at 963 (concluding that the IJ properly considered and rejected petitioner's explanation for inconsistent testimony).

We lack jurisdiction to consider Daw's new contention that language problems contributed to the inconsistencies because Daw did not raise this contention before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

In the absence of credible evidence, Daw has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Daw's claim under the CAT is based on the same facts that the IJ found to be not credible, and Daw points to no other evidence that the IJ should have considered, she has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**